Order Form (05/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7898 | **DATE** | 7/26/2001 |
| **CASE TITLE** | RICHARD SULLIVAN vs. UNIV. OF IL. AT CHGO., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss for lack of jurisdiction is granted and the Plaintiff's complaint is dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 27 2001 date docketed | |
| | Docketing to mail notices. | | *CM* docketing deputy initials | 11 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL 26 PM 4:08 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Richard Sullivan,<br><br>    Plaintiff,<br><br>v.<br><br>University of Illinois at Chicago, and The Board of Trustees of the University of Illinois, Governor George H. Ryan, William D. Englebrecht, Jeffrey Gindorf, Susan Loving Gravenhorst, Thomas R. Lamont, Martha R. O'Malley, Roger L. Plummer, Judith R. Reese, Kenneth D. Schmidt, and Gerald W. Shea,<br><br>    Defendants. | No. 00 C 7898<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued the defendants under 42 U.S.C. § ("section") 12101 *et seq.*, claiming discrimination because of his alleged disability. Defendants have filed a Federal Rules of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint, arguing that the University of Illinois the University of Illinois at Chicago did not consent to suit and second, it is immune from suit brought under the ADA because the Eleventh Amendment of the United States Constitution bars such suits against the states. For the reasons set forth below, the motion is granted.[1]

---

[1] Defendant has also moved to stay discovery and compliance with the initial disclosure requirements pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, which was granted by way of order on April 25, 2001.

## Facts

Plaintiff (Sullivan), a fifty-seven year old male and building engineer, has through a birth defect and childhood injury, a misshapen right hand. (Comp. ¶¶ 5-7.) He alleges that the Defendants discriminated against him, failed to hire him because of his disability, despite his high scores and other qualifications on the defendants' employment application tests. (Id. ¶¶ 13-69.) He also complains that the University retaliated against him by refusing to hire him at a later date because he filed a discrimination claim with the EEOC. (Id. ¶ 29.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

**1.** **The University of Illinois Did Not Consent to Suit:**

The statutory provision of University of Illinois Act in which the University of Illinois is authorized to "sue and be sued" does not constitute consent. Cannon v. Univ. of Health Sciences/The Chicago Med. School 710 F.2d 351, 355 (1983).

## 2. Whether or Not the Protections of the Eleventh Amendment of the U.S. Constitution Extends to the University of Illinois:

The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to anysuit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The University of Illinois Act provides that the University is "a body corporate and politic." The University of Illinois Act, 110 ILCS 305/1. As such, the Seventh Circuit has held that it the University of Illinois is, "an arm of the state for Eleventh Amendment purposes," and it is entitled to the State's Eleventh Amendment Immunity. Cannon v. Univ. of Health Sciences/The Chicago Med. School, 710 F.2d 351, 356-57 (7th Cir. 1983); Kroll v. Bd. of Trustees of the Univ. of Illinois, 934 F.2d 904, 908 (7th Cir. 1991). Generally, a State is entitled to immunity from suit in Federal Court unless there exists one of two exceptions. "First, a State may by unequivocal language waive the protections of the Eleventh Amendment and thereby consent to suit in Federal Court." Second, Congress may by "unequivocal language use its enforcement powers under the Fourteenth Amendment to, abrogate the State's Eleventh Amendment immunity." Kroll v. Bd. of Trustees of the Univ. of Ill., 934 F.2d 904, 906 (7th Cir. 1991) (citations omitted). However, the Supreme Court has held that Congress may abrogate a State's Eleventh Amendment immunity only when it both "unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." Bd. of Trustees of the Univ. of Alabama v. Garrett, 121 S. Ct. 955, 962 (2001) (internal citations omitted). In other

words, Eleventh Amendment immunity is not absolute because a state may either consent to suit or lose its immunity by act of Congress. (Cannon; Kroll; Garrett).

In this case, again, it is clear that the University has not consented to suit nor has it ever expressed through unequivocal language that it has intended to do so; therefore, the plaintiff claims that Congress has abrogated the State's Eleventh Amendment rights through the ADA. The plaintiff points to the Supreme Court holding that, "A State shall not be immune under the Eleventh Amendment to the Constitution of the United States from an action in [a] federal or state court of competent jurisdiction for a violation of this chapter (an ADA claim)" Bd. of Trustees of the Univ. of Alabama v. Garrett, 121 S. Ct. 955, 962 (citing 42 U.S.C. § 12202). However, under Garrett the Supreme Court has held that Congress did act pursuant to a valid grant of constitutional authority when it sought to abrogate the State's Eleventh Amendment immunity from suits filed in court by private individuals under the ADA. The court noted that Congress may only do so "pursuant to a valid exercise of its § 5 power," which subsequently grants Congress the power to enforce the substantive guarantees contained in § 1 of the Fourteenth Amendment by "enacting appropriate legislation." Id; (citations omitted). The Court also held that it has the responsibility (not Congress) to define the substantive guarantees of the Fourteenth Amendment. Id; (citations omitted). "Legislation reaching beyond the scope of § 1's actual guarantees must exhibit "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." Id. at 963; (Citation omitted). In short, in Garrett the Supreme Court held that Congress's attempt at the abrogation of state's Eleventh Amendment immunity from private suits in federal court under the ADA was an invalid exercise of Congresses' § 5 powers (of the

Fourteenth Amendment) because there was no pattern of discrimination by the states which violated the Fourteen Amendment, and the remedy imposed by Congress was not congruent and proportional to the targeted Constitutional violation. Id. at 966-68.

Thus the states are immune from suit under the ADA and the University of Illinois as an "arm" or extension of the state is immune as well.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of jurisdiction is granted and the Plaintiff's complaint is dismissed in its entirety.

**ENTER:**

**SENIOR UNITED STATES DISTRICT JUDGE**

DATED: 7-26-01